**FARMLAND DAIRIES, Fairdale Dairies, Inc. and Fairlawn Dairies, Inc., Plaintiffs,**

**v.**

**Richard T. McGUIRE, as Commissioner of the New York State Department of Agriculture and Markets, Defendant.**

**LEHIGH VALLEY DAIRIES, INC., Johanna Farms, Inc., Johnstown Sani-Dairy, a Division of Penn Traffic Co. and Tuscan Dairy Farms, Inc., Plaintiffs,**

**v.**

**Richard T. McGUIRE, as Commissioner of the New York State Department of Agriculture and Markets, Defendant.**

**Nos. 91 Civ. 3642 (RPP), 91 Civ. 4574 (RPP).**

United States District Court, S.D. New York.

Aug. 13, 1991.

Friedman, Wittenstein & Hochman by Andrew A. Wittenstein and Stuart I. Friedman, New York City, for Farmland Dairies, Fairdale Dairies, Inc. and Fairlawn Dairies, Inc.

Gross, McGinley, LaBarre & Eaton by J. Jackson Eaton III, Allentown, Pa., and Richard Turyn, New York City, for Lehigh Valley Dairies, Inc., Johanna Farms, Inc., Johnstown Sani–Dairy and Tuscan Dairy Farms, Inc.

Robert Abrams, Atty. Gen. of State of N.Y., Dept. of Law by Barrie L. Goldstein, New York City, and Joan A. Kehoe, Dept. of Agriculture and Markets of State of N.Y. by Michael McCormick, Diane B. Smith, Albany, N.Y., for Richard T. McGuire.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiffs, New Jersey and Pennsylvania milk producers, bring these actions for declaratory and injunctive relief under 42 U.S.C. § 1983 and the Commerce Clause of the United States Constitution, Article I, Section 8, Clause 3. Defendant Richard McGuire, Commissioner of the New York State Department of Agriculture and Markets ("the Commissioner"), moves in both actions pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure to dismiss for improper venue or, in the alternative, to transfer these actions to the Northern District of New York pursuant to 28 U.S.C. § 1406(a). For the reasons stated below, defendant's motions are denied.

Plaintiffs Farmland Dairies, Fairdale Dairies, Inc. and Fairlawn Dairies, Inc. (collectively "Farmland") are dairy manufacturing companies which purchase raw milk from dairy farmers in New York, New Jersey and Pennsylvania and process it at their New Jersey plant. Farmland sells finished milk to East Coast retailers including retailers in New York state. Lehigh Valley Dairies, Inc. ("Lehigh") and Johnstown Sani–Dairy ("Johnstown") operate milk processing plants in Pennsylvania and sell finished milk in New York. Tuscan Dairy Farms, Inc. ("Tuscan") processes milk at plants in New Jersey and New York and distributes finished milk in New York.

On May 1, 1991 the New York State legislature enacted section 5 of Chapter 84 of the Laws of 1991, which, *inter alia,* amended section 258–m of the New York Agriculture and Markets Law, to provide that "the commissioner shall provide for and enforce a mechanism for compensatory payments" to be paid on sales in the state of New York of finished milk made from raw milk purchased outside New York. Complaint (No. 91 Civ. 3642), Exh. A at 2. On May 9, 1991 the Commissioner issued an Interim Price Determination and Order

stating, "All milk produced outside New York State and distributed within the State as Class I fluid milk shall be subject to the application of a compensatory payment as the Commissioner determines necessary to equalize cost for such milk among licensed milk dealers." *Id.,* Exh. B at 1.[1] The Commissioner issued further orders on May 23 and 31, July 26 and August 1, 1991 requiring that compensatory payments be made by milk dealers including plaintiffs. *Id.,* Exh. C; Wittenstein Aff., Exh. C; Defendant–Commissioner's Memorandum of Law in Support of Motion to Dismiss (No. 91 Civ. 3642), Exh. 2.

Since this is a case "wherein jurisdiction is not founded solely on diversity," the newly-enacted version of 28 U.S.C. § 1391(b) (effective Dec. 1, 1990) provides that venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiffs rely on subdivision 2 of § 1391(b).[2] Complaint (No. 91 Civ. 3642) ¶ 2; Complaint (No. 91 Civ. 4574) ¶ 4.

The Commissioner argues that "a substantial part of the events ... giving rise to the claim" occurred in Albany because the statute and orders establishing the system of compensatory payments were enacted there. Alternatively, the Commissioner argues that the events giving rise to plaintiffs' claims are their marketing and distri-

bution decisions which are made at their plants in New Jersey and Pennsylvania.

In opposition, Farmland asserts that 95% of its milk sales occur in New York City and the surrounding metropolitan area and that virtually no sales are made in the Albany market. Goldman Aff. ¶ 6. Lehigh asserts that 85% of its milk sales subject to compensatory payments occur in this district. Plaintiffs' Memorandum of Law in Opposition (No. 91 Civ. 4575) at 3. Johanna Farms, Inc. ("Johanna Farms") asserts that 100% of its milk sales subject to compensatory payments occur in this district, *id.* at 4, while Tuscan claims 50% of the milk it ships to New York is sold in this district. *Id.* at 5. Neither Johanna Farms nor Tuscan distribute any milk in the Northern District of New York. *Id.*

It is "distribution" of milk in the state of New York which triggers compensatory payments under the challenged statute and regulations. Plaintiffs have demonstrated that their New York milk distribution occurs primarily in this district. Thus a substantial part of the events giving rise to plaintiffs' claims occurs in this district.[3] Accordingly, venue in these actions is proper in this district and defendant's motions to dismiss or transfer are denied.

IT IS SO ORDERED.

---

1. Class I fluid milk is milk intended for fluid consumption.

2. The prior version of § 1391(b) provided that venue was proper "only in the judicial district where all defendants reside or in which the claim arose."

3. Although there is scant caselaw interpreting the newly-enacted version of § 1391(b), cases

interpreting the old "where the claim arose" language establish that suits challenging official acts may be brought in the district where the effects of the challenged regulations are felt even though the regulations were enacted elsewhere. *See, e.g., Sharif by Salahuddin v. New York State Educ. Dep't,* 709 F.Supp. 345, 358 (S.D.N.Y.1989); *Cheeseman v. Carey,* 485 F.Supp. 203, 212 (S.D.N.Y.1980).